[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12219
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 11, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-20876-PAS


WILLIAM JORGE CASTILLO,
an individual,


                                                    Plaintiff-Appellant,

                        versus


ROCHE LABORATORIES, INC.,
a foreign corporation,


                                                    Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 11, 2012)

Before TJOFLAT, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

This case began on March 2, 2010, when William Jorge Castillo sued his former employer, Roche Laboratories, Inc. ("Roche"), in the Miami-Dade County Circuit court alleging that Roche terminated his employment on account of his sexual orientation—he is homosexual—and retaliated against him— terminated his employment—because he engaged in a protected activity. Castillo brought his discrimination claim under Miami-Dade County Ordinance ("MDC") § 11A-26(1)(a), (4), and his retaliation claim under MDC § 11A-26(4) and the Florida Whistleblower Act, Fla. Stat. § 448.102(3). Roche, whose citizenship is diverse from Castillo's, removed the case to the U.S. District Court for the Southern District of Florida pursuant to 28 U.S.C. §§ 1441 and 1446, and following discovery, moved the district court for summary judgment. The record before the district court on summary judgment revealed that Roche terminated Castillo's employment because Castillo violated the company's zero-tolerance policy against the falsification of expense reports; he falsified his expense report when he submitted a $23.00 charge for his partner's breakfast for reimbursement. The court granted Roche summary judgment because Castillo failed to establish a *prima facie* case of discrimination or retaliation, and, moreover, failed to demonstrate that Roche's reason for the termination was pretextual.

Castillo now appeals. He argues that summary judgment was inappropriate

2

because (1) the district court, in granting the motion, misapplied the summary judgment standard by resolving disputed facts and drawing inferences in favor of Roche; (2) he established a *prima facie* case of discrimination by presenting sufficient evidence that Roche permitted heterosexual employees to correct expense report mistakes, but did not provide him the same opportunity; (3) he presented sufficient temporal and non-temporal evidence of causation to establish a *prima facie* case of retaliation; and (4) he submitted sufficient evidence that Roche's proffered reason for his termination was a pretext for discrimination and retaliation. We find no merit in any of these arguments and accordingly affirm.

We review a district court's grant of summary judgment *de novo*, taking the evidence and the reasonable inferences it yields in the light most favorable to the non-moving party, here Castillo. *Brooks v. Cnty. Comm'n of Jefferson Cnty., Ala.*, 446 F.3d 1160, 1161 (11th Cir. 2006); *Wascura v. City of South Miami*, 257 F.3d 1238, 1242 (11th Cir. 2001). Summary judgment is appropriate if the evidence demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue of fact is material if, under the applicable substantive law, it might affect the outcome of the case. *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1259 (11th Cir. 2004). The non-moving party, meanwhile, must make a sufficient

showing on each essential element of his case for which he has the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). "A mere 'scintilla' of evidence supporting [the non-movant's] position will not suffice; there must be enough of a showing that the jury could reasonably find for [the non-movant]." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir.1990).

In diversity cases, we apply the state's substantive law. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 950 (11th Cir. 2000). The MDC prohibits employers from discriminating against an employee based upon the employee's sexual orientation, and from discriminating against an employee for opposing the employer's prohibited discriminatory practice. MDC § 11A-26(1)(a), (4). Likewise, the Florida Whistleblower Act prohibits employers from retaliating against an employee because the employee objected to the employer's prohibited activity, policy, or practice. Fla. Stat. § 448.102(3).

We apply Title VII discrimination and retaliation law to Castillo's claims. *See Albra v. Advan, Inc.*, 490 F.3d 826, 834 (11th Cir. 2007) (holding that Title VII law is applicable in construing the Florida Civil Rights Act); *Sierminski*, 216 F.3d at 950 (holding that district court correctly applied Title VII retaliation law when analyzing a claim under the Florida Whistleblower Act); *O'Loughlin v.*

4

*Pinchback*, 579 So.2d 788, 791 (Fla. Dist. Ct. App. 1991) (holding that if a state law is patterned after a federal law on the same subject, the Florida law will be accorded the same construction as in the federal courts to the extent the construction is harmonious with the spirit of the Florida legislation).

We evaluate Title VII claims based upon circumstantial evidence using the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1264 (11th Cir. 2010). With respect to discrimination, the plaintiff may establish a *prima facie* case by demonstrating that he was a member of a protected class, qualified for the job, subjected to an adverse employment action, and treated differently than similarly situated employees outside of the protected class. *See id*. A plaintiff may establish a *prima facie* showing of retaliation by showing that he engaged in a protected activity and suffered an adverse employment action, and that the protected activity and adverse employment action were causally related. *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002).

When determining whether employees are similarly situated for the purposes of establishing a *prima facie* case of discrimination, we must consider whether the employees are involved in or accused of the same or similar conduct

5

and are disciplined in different ways. *Burke-Fowler v. Orange Cnty., Fla.*, 447 F.3d 1319, 1323 (11th Cir. 2006). To prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges, the quantity and quality of the comparator's misconduct must be nearly identical. *Id*.

To establish *prima facie* the causation element of a retaliation claim, the plaintiff need only show that his protected activity and the adverse employment action are not completely unrelated. *Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004). A plaintiff satisfies this element by showing that the decision-maker knew of the protected activity, and that a close temporal proximity existed between this awareness and the adverse employment action. *Id*. A close temporal proximity between the decision-maker's awareness and the adverse employment action is sufficient circumstantial evidence of a causal connection to establish a *prima facie* case. *Id*. Standing alone, a one-month interval may satisfy the plaintiff's burden, while a three-month interval may be insufficient. *See id*. at 1220-21. When an employer contemplates a given action before the employee engages in a protected activity, however, temporal proximity between that action and the employer's knowledge of the protected conduct alone will not suffice to show causation. *See Cotton v. Cracker Barrel Old Country Store, Inc.*, 434 F.3d 1227, 1232 (11th Cir. 2006).

Once an employer responds to the establishment of a *prima facie* case by offering a legitimate, non-discriminatory or non-retaliatory reason for its conduct, the burden shifts back to the plaintiff to produce evidence that the employer's proffered reason is a pretext for discrimination or retaliation. *See Alvarez*, 610 F.3d at 1264. Despite the burden-shifting framework, the ultimate burden of proving discrimination or retaliation lies with the plaintiff, who must meet the employer's proffered reason head on and rebut it. *See Brooks*, 446 F.3d at 1162-63. Because the plaintiff carries this burden, he must produce significant probative evidence of pretext. *See Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1376 (11th Cir. 1996). Conclusory allegations of discrimination or retaliation, without more, are insufficient to carry the plaintiff's burden. *See id*.

A plaintiff may show pretext either directly, by persuading the court that a discriminatory or retaliatory reason more likely than not motivated the employer, or indirectly, by showing that the proffered reasons are unworthy of credence. *See Jackson v. State of Ala. Tenure Comm'n*, 405 F.3d 1276, 1289 (11th Cir. 2005). A court must evaluate whether the plaintiff has demonstrated such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the proffered reasons that a reasonable factfinder could find them unworthy of credit. *Id*. A reason is not pretext unless the plaintiff shows that it is false, and that

7

discrimination was the real reason. *Brooks*, 446 F.3d at 1163. In the end, our analysis is limited to whether a discriminatory or retaliatory animus motivated the employer. *See Alvarez*, 610 F.3d at 1266. That an employer's legitimate belief was mistaken is irrelevant so long as such animus did not motivate it. *See id*. at 1266-67.

A supervisor's remarks may provide circumstantial evidence of discrimination or retaliation. *See Ross v. Rhodes Furniture, Inc.*, 146 F.3d 1286, 1291-92 (11th Cir. 1998). The appropriate inquiry is whether the remarks, when taken in conjunction with the entire record, are circumstantial evidence of the decision-maker's discriminatory and/or retaliatory attitude. *See id*. at 1292. If so, we must then consider whether the evidence might lead a reasonable jury to disbelieve the employer's proffered reasons for its conduct. *Id*. While a comment unrelated to an adverse employment decision may contribute to a circumstantial case for pretext, it will usually be insufficient absent further evidence to support a finding of pretext. *Scott v. Suncoast Beverage Sales, Ltd.*, 295 F.3d 1223, 1229 (11th Cir. 2002).

Having examined the record, we are confident that the district court did not misapply the summary judgment standard by resolving disputed factual issues and by drawing from competing inferences the inference in favor of Roche; all of the

factual assertions Castillo made were either undisputed, immaterial, or unsupported by the record.

Castillo did not establish a *prima facie* case of discrimination because he failed to present sufficient evidence of similarly situated employees who received different treatment. He presented no evidence that another Roche employee made an error on an expense report, never acknowledged that error throughout his employment, yet was not terminated on account of the error.

Likewise, Castillo did not establish a *prima facie* case of retaliation because he failed to present sufficient evidence of causation. He does not challenge the district court's finding that his complaint of discrimination post-dated Roche's initial contemplation of his termination, or the court's conclusion that this fact negated any inference of causation created by the temporal proximity of Castillo's protected activity to his termination. In short, Castillo failed to present sufficient non-temporal evidence to establish a causal relationship between those two events.

Finally, Castillo failed to present sufficient evidence that Roche's proffered reason for his termination was pretextual. His bare assertions of discrimination and retaliation were insufficient to demonstrate pretext, and the discriminatory comments upon which he relied were either not made by a decision-maker or were unrelated to his termination. Finally, he failed to present evidence that similarly

9

situated employees were treated differently so as to create an inference of pretext.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.